IREDELL WILLIAMS v. SOUTHERN RAILWAY COMPANY.

*Parent and Child—Injury to Child—Action by Parent for Loss of Services.*

Where a minor son of plaintiff was employed by defendant without the knowledge or consent of the father and was injured while so employed, but the injury was not due to the employer's negligence; *Held*, that there can be no recovery by the father for loss of services, after and in consequence of the injury.

CIVIL ACTION tried at Fall Term, 1897, of SURRY Superior Court before *Starbuck*, *J.*, and a jury.

The following are the agreed facts: "That one W. W. Rister, agent of the defendant, employed John Williams, the son of plaintiff; that John Williams was at that time 19 years old; that he so told Rister at the time of the employment, also at the same time told Rister that his father consented to his working for himself; that the father did not know of the employment of John Williams by the defendant; that John Williams was afterwards injured while in the employment of defendant, and while working on a bridge

on defendant's road, but without any negligence on the part of defendant or its servants at the time of this injury. The claim of plaintiff is for damages for loss of services after and in consequence of the injury on the bridge. If the Court is of opinion on these facts that plaintiff is entitled to recover, it is agreed that judgment be rendered for the plaintiff for $40; otherwise, that the action be dismissed."

The Court, being of the opinion that, on the facts agreed, the plaintiff was not entitled to recover, ordered and adjudged that plaintiff take nothing, and defendant go without day, etc. Plaintiff appealed.

*Mr. Virgil E. Holcombe*, for plaintiff (appellant).
*Messrs. Glenn & Manly*, for defendant.

CLARK, J.: The defendant employed the minor son of the plaintiff. The son told the defendant's representatives that his father consented to his working for himself, but in fact his father did not know of the defendant's employing his son; and the latter was injured while in the defendant's service, but, it is admitted, without any negligence on the part of the defendant or of its servants. The plaintiff sues for loss of services after and in consequence of the injury. For the services the son had rendered, compensation belonged to the father; but, as the loss of further services was caused by an injury which was not caused by the fault of the defendant, it cannot be held liable for such loss.

No error.