AMANDA SATCHELL, Administratrix of ROBERT SATCHELL, v. JOHN F. McNAIR and J. J. McKAY, Trading and Doing Business as WACCA-MAW SHINGLE COMPANY.

(Filed 15 April, 1925.)

**1. Employer and Employee—Master and Servant—Parent and Child—Negligence—Instructions—Appeal and Error.**

The parent is the natural guardian of her 15-year-old lad; and upon evidence that her son, employed to work in the woods for a shingle company, was put to work by his employer, against her instructions, as a "tripper" at the saw table, a place attended with danger, and with which he was inexperienced, it is a breach of duty of the defendant, and is actionable negligence when proximately causing the death of the boy, though not a matter of contract between the company and the parent; and a peremptory instruction that the jury should not consider it upon the issue is reversible error.

**2. Employer and Employee — Master and Servant — Negligence — Evidence—Instructions—Appeal and Error.**

The plaintiff's intestate, a lad of 15 years of age, was employed by the defendant to work as a "tripper" at a shingle saw, under the sawyer, with allegation and evidence tending to show that it was necessary for the sawyer to see the plaintiff's intestate when the latter was operating the saw carriage, in order that the intestate might work in safety, and that a board was suspended about 5 inches above the saw in such a manner as to obstruct this view, and in consequence the intestate's death was caused: *Held*, reversible error for the trial judge to instruct the jury to disregard the evidence of this obstruction in passing upon the question of defendant's actionable negligence.

**3. Employer and Employee — Master and Servant — Negligence — Evidence—Instructions—Appeal and Error.**

Where there is allegation and evidence tending to show that the death of plaintiff's intestate was caused by the negligent failure of the defendant, his employer, to furnish him a safe place to work at its shingle saw, and to instruct him, an inexperienced boy, in this dangerous work, it is reversible error for the trial judge to fail to instruct the jury in the law arising from the evidence as to the defendant's duty thereunder.

Adams, J., not sitting.

Appeal by plaintiff from judgment rendered by *Grady, J.,* at September Term, 1924, of Brunswick.

Action to recover damages for death of plaintiff's intestate, alleged to have been caused by the negligence of defendants (1) in failing to provide for said intestate a safe and suitable place in which to work as an employee of defendants, and (2) in failing to warn and instruct said intestate of the dangers incident to the work for which he was employed. It is further alleged that at the time intestate received the fatal injuries he was 15 years of age and had been at work as a tripper at defendants'

mill only two weeks; that prior to this time he had worked for defendants in other positions; that plaintiff, mother of said intestate, had requested defendants not to put her son at work as a tripper, because of the dangers attendant upon the performance of the duties of this position, and that defendants had promised to comply with this request. All the material allegations in the complaint are denied in the answer. The jury having answered the first issue, to wit, "Was plaintiff's intestate killed by the negligence of defendants, as alleged in the complaint?" "No," judgment was rendered that plaintiff recover nothing of defendants, and that the action be dismissed. From this judgment plaintiff appealed, assigning errors.

*Herbert McClammy and Robert W. Davis for plaintiff.*
*Rountree & Carr and C. Ed Taylor for defendants.*

CONNOR, J. In his charge to the jury his Honor instructed them as follows:

"This case, gentlemen, that we are trying, is not based upon a contract; it is not based upon any agreement made between the plaintiff and the defendants, and any agreement that may have been made between Amanda Satchell and the defendants, or Mr. Long, or any other person representing the defendants, would have nothing to do with the case and nothing to do with your verdict." Plaintiff excepted to this instruction; this exception is presented upon this appeal as the basis of the sixth assignment of error.

At the time he was killed, Robert Satchell, plaintiff's intestate and son, was 15 years of age. He was at work at defendants' mill as a tripper, having been thus employed for about two weeks. Prior to this time, he had been working for defendants, with his mother's consent, in the woods. It is admitted in the answer that the duties of a tripper at a sawmill are such as to require care and prudence on the part of the employee for his own safety. Defendant, J. J. McKay, testified that he did not consider the position of a tripper as *very* dangerous. He said: "I would not pick up a man without any experience and put him in one of the mills as a tripper, but this fellow had worked around the mill and knew how to pull off boards."

Plaintiff alleges in her complaint that on several occasions prior to the death of her son, she talked with Mr. J. J. McKay and also to the foreman, Mr. Long, and told him that she did not want her son to do the tripping or to work at the mill; that she requested them not to place him at this work, because it was dangerous for a boy of his years to do. She testified that her son had been working for defendants in the woods, and that one day Mr. Long called him and hired him to work at the

mill as a tripper; that she went to Mr. Long and told him not to hire Robert to trip, and he said, "I won't put him to tripping any longer." This was about a week before Robert was killed. Mr. Long, testifying as a witness for defendants, denied that plaintiff had this conversation with him.

It is true, as his Honor instructed the jury, that this action is not based upon a contract; but the peremptory instruction that the agreement between Amanda Satchell and Mr. Long, foreman of the mill, if the jury should find that such an agreement was made, would have nothing to do with the case and nothing to do with the verdict, cannot, upon the evidence in this case, be sustained. The mother, and natural guardian of the infant, having forbidden defendants to employ him as a tripper, according to her testimony defendants violated a duty to the infant when they employed him and put him to work in this position. Their act in so employing him, and in so putting him to work as a tripper, was in itself a breach of this duty, and if it was the proximate cause of the injury, was actionable negligence. His Honor failed to instruct the jury in accordance with the law applicable to the facts, which the jury might find from the evidence. *Haynie v. Power Co.,* 157 N. C., 503. In his opinion in this case *Justice Brown* says: "The sum and substance of the many cases cited in these notes (30 L. R. A. (N. S.), 311) are that it is a general rule that an employer putting a minor servant, against his parent's consent, to do the work by which the child is injured, commits an actionable wrong, for which the employer is liable, although there is no other evidence of negligence upon his part." *R. R. v. Fort,* 17 Wallace, 553, and cases cited in Rose's notes annotating this case. See, also, *Ensley v. Lumber Co.,* 165 N. C., 687. By this instruction, plaintiff was deprived of any consideration by the jury of the facts in this regard, as she contended them to be, and of the benefit of well-settled principles of law applicable to such facts.

His Honor further instructed the jury as follows: "Now, the plaintiff alleges in her complaint, and it is contended here upon the trial, that there was a board suspended over the saw, something like 18 inches in width, and that this board prevented Mr. Long from seeing the boy; but it is my duty, gentlemen, to charge you that there is no evidence in this case which would justify you in finding this contention to be true, because the witnesses for the plaintiff have testified that each one of the parties in question—that is, the boy and Long—were in plain view of the other; that the boy could see Long and that Long could see the boy; in other words, that the board in question was not between them at the time of the accident. Therefore, gentlemen, you cannot find as a fact that there was any negligence on the part of the defendants in this respect, and a verdict based upon such presumption would be entirely

erroneous, and it would be my duty to set it aside if it were so rendered." Plaintiff excepted to this instruction; this exception is the basis of the seventh assignment of error.

Plaintiff alleges in her complaint that, just before his death, Robert Satchell, in the performance of his duties as tripper, was in the act of taking from the carriage a board which had just been cut from a log on the carriage; that the sawyer was standing in his position, about 6 feet from Robert, waiting for him to take the board off the carriage and adjust the "dogs," as it was his duty to do, before reversing the lever and thus causing the carriage to return for another "cut"; that while Robert was thus engaged, the sawyer "recklessly, carelessly and negligently pulled the lever back while not looking towards said deceased, and recklessly, carelessly and negligently neglected to observe, as he was required to do, and by reason of the obstruction of his view by a board between the sawyer and said deceased, did not and could not see him, and thereby caught his clothing by the 'dog' and threw the deceased into the machinery, where his body was torn and mangled," thus causing his death.

There was evidence "that there was a board hanging over the saw, between the sawyer and the tripper, 3 or 4 feet long, hanging straight down, right above the saw, from the joist; that the board was about a foot and a half wide, and was there to keep the sawdust from flying; that the bottom of the board was about 5 inches from the teeth of the saw. The sawyer stood about 18 inches or more from a straight line in front of the saw, and the tripper about 2 feet or more from a straight line in the rear of the saw, and it was practically open between the sawyer and the tripper. There wasn't any obstruction, except the board hanging over the saw. Satchell could see the sawyer all the time, and the sawyer could see Satchell." The sawyer testified that the board did not come between him and where the tripper was standing; that Robert took the last two boards off the carriage, and that he saw that the carriage was clear; that he turned his head to look at the pedal under his foot, and that when he turned his head to look back up, Robert was on the saw, turning over.

This evidence should have been submitted to the jury, in order that they might find whether or not, at the time the sawyer reversed the lever, the board obstructed his view and prevented him from seeing Satchell. There is error in the peremptory instruction, and the assignment is sustained.

We have examined the charge, which is set out in full, in the statement of case on appeal, with care. We fail to find therein any instruction as to the duty which upon the facts as the jury might find them from the evidence the defendants owed to the plaintiff's intestate. His

Honor instructed the jury as follows: "I charge you, as a matter of law, that you cannot guess—you are not permitted to guess—at anything, but you must find the facts from the evidence, and if the evidence in this case is of such character and quality as to satisfy you by the greater weight that there was some particular duty owing to the dead boy by defendants, and that duty was violated, and as a direct and proximate result of such violation he was killed, it would be your duty to answer this issue 'Yes'; otherwise, you should answer it 'No.' " We are unable to find in the charge any instruction as to the duty which the law imposed upon defendants with respect to plaintiff's intestate, who, it is admitted, was their employee and was of the age of 15 years. It was the duty of the judge to so instruct the jury. *Bowen v. Schnibben,* 184 N. C., 248; *Hauser v. Furniture Co.,* 174 N. C., 463; *S. v. Merrick,* 171 N. C., 788. There must be a

New trial.

ADAMS, J., not sitting.