## IDA PRITSKER *vs.* JOSEPH W. GREENWOOD.

### JUNE 11, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Dogs.   Indirect Injury.*

Under Gen. Laws, 1923, cap. 136, sec. 3, providing that if any dog shall assault or bite or otherwise injure any person while travelling the high-way * * * the owner or keeper of such dog shall be liable to the person aggrieved for all damage sustained to be recovered in an action of trespass on the case or in an action of trespass; an action of trespass on the case to recover compensation for expenditures by plaintiff for doctor's bills, medicine and nursing made necessary because of injuries suffered by plaintiff's minor child caused by the bite of a dog while the child was on a public highway, will lie.

*(2)   Dogs.   Indirect Injury.   Person Aggrieved.   Minors.*

The loss of services of a minor and the expense caused to the parent by an injury to a minor is a damage to a property right of the parent and the parent suffering such a property loss is a "person aggrieved", within the meaning of Gen. Laws, 1923, cap. 136, sec. 3.

TRESPASS ON THE CASE.   Heard on exception of plaintiff to sustaining of demurrer to declaration and exception sustained.

STEARNS, J.   This is an action of trespass on the case to recover compensation for expenditures by plaintiff for doctor's bills, medicine and nursing made necessary because of injuries suffered by plaintiff's minor daughter which were caused by the bite of a dog owned by the defendant.   The child, when bitten, was on a public highway in Warwick. A demurrer to the declaration was sustained in the Superior Court and the case is here on plaintiff's exceptions to this ruling.

The question is—Can plaintiff maintain her action under the provisions of G. L. 1923, C. 136, s. 3, which is as follows: "If any dog shall kill, wound or worry, or assist in killing, wounding or worrying, any sheep, lamb, cattle, horse, hog, swine, fowl or other domestic animal, belonging to or in the possession of any person, or shall assault or bite, or otherwise injure, any person while travelling the highway or out

of the enclosure of the owner or keeper of such dog, the owner or keeper of such dog shall be liable to the person aggrieved as aforesaid, for all damage sustained, to be recovered in an action of trespass on the case, or in an action of trespass, with costs of suit; . . . and it shall not be necessary, in order to sustain any such action, to prove that the owner or keeper of such dog knew that such dog was accustomed to do such damage."

Defendant's claim is that recovery of damages under the statute is limited to the person who while on a highway is injured by a dog and when the injury is indirect, as in this case, that there is no right of recovery.

This construction of the statute is admissible if the phraseology of the act only is examined, but that such a construction is too narrow and frustrates the intent of the act, we think clearly appears upon consideration of the history and evident purpose of the act.

The provision in question became a law in 1889 (P. L., C. 749). It has been construed in the following cases. In *Kelly* v. *Alderson*, 19 R. I. 544, it was held that the statute extended the common law liability of an owner; that if a dog gets upon the highway, the owner is liable for whatever damage he may do and testimony of the character of the dog is inadmissible in defense; also that the statute gives an action for "all damages sustained" and this means compensatory damages only.

In *Palmer* v. *Saccocia*, 33 R. I. 476, it was held that the owner or keeper of a dog was liable for damage caused by said dog when out of defendant's enclosure, and that this liability was not at all conditioned upon the negligence of defendant in allowing the dog to leave his premises; that the intent of the statute is to place on the owner or keeper of a dog the liability for injury which said dog may inflict outside the enclosure. In *Malafronte* v. *Miloni*, 35 R. I. 225, plaintiff was driving his horse and wagon on a public highway. Defendant's dog attacked and bit plaintiff's horse which, as a result, ran away; plaintiff was thrown out

of his wagon and injured. The claim was that the statute was not broad enough to include injuries which did not proceed from the direct attack of the dog upon the person of the plaintiff. This court refused to adopt such a narrow construction of the statute and held that the language of the act was broad enough to sustain plaintiff's action. In *Whittet* v. *Bertsch,* 39 R. I. 31, defendant was held liable for injury caused by his dog in the unenclosed part of his premises used by him as a yard. The "enclosure" of the statute was defined as that part only of defendant's land which was enclosed by some visible or tangible obstruction, such as a fence, hedge, ditch or any equivalent object for the protection of the premises against encroachment.

As thus appears, the construction of the statute has been consistently liberal, and with reason. The owner or keeper of a dog must keep the dog within an enclosure or suffer the consequences; that is, pay for any damage caused by the dog. The recovery may be by action of trespass or trespass on the case,—for direct or indirect injury. *Vogel* v. *McAuliffe,* 18 R. I. 791. The loss of services of a minor and the expense caused to the parent by an injury to a minor is a damage to a property right of the parent. *Larisa* v. *Tiffany,* 42 R. I. 148. The parent who has suffered such a property loss is a "person aggrieved" within the meaning of the statute. To hold otherwise would be to deprive a minor of the complete remedy given to an adult, presumably more capable of defending himself.

The exception of plaintiff is sustained. The case is remitted to the Superior Court for further proceedings.

*Fitzgerald & Higgins, Walter V. Moriarty,* for plaintiff.
*Rosenfeld & Hagan, C. Bird Keach,* for defendant.