CEDRIC TOLER, A MINOR WITHOUT GENERAL OR TESTAMENTARY GUARDIAN, APPEARING HEREIN BY HIS DULY APPOINTED NEXT FRIEND, LLOYD F. TOLER, v. H. M. SAVAGE, DORA MAE SAVAGE, DOROTHY IONE SAVAGE AND BERTHA MAE SAVAGE, A CO-PARTNERSHIP, TRADING AS SAVAGE TAXI,

and

THURMAN TOLER, A MINOR WITHOUT GENERAL OR TESTAMENTARY GUARDIAN, APPEARING HEREIN BY HIS DULY APPOINTED NEXT FRIEND, LLOYD F. TOLER, v. H. M. SAVAGE, DORA MAE SAVAGE, DOROTHY IONE SAVAGE AND BERTHA MAE SAVAGE, A CO-PARTNERSHIP, TRADING AS SAVAGE TAXI.

(Filed 20 March, 1946.)

**1. Automobiles § 24b: Master and Servant §§ 22b, 22c—**

Testimony of a statement made by a partner to the effect that the truck involved in the collision belonged to the partnership, that the driver was an employee and had been sent on a trip to pull a taxi out of a ditch, together with a statement in the answers, introduced in evidence by plaintiffs, that the truck involved in the accident belonged to defendant partners, *is held* sufficient to be submitted to the jury both on the question of employment and the question of whether the employee was acting in the scope of his employment.

**2. Trial § 22a—**

On motion to nonsuit the evidence will be considered in the light most favorable to plaintiff.

---

---

**3. Evidence § 33—**

 In the absence of evidence that a purported municipal ordinance had been certified, as required by G. S., 8-5, or that it had been printed in book form, as provided in G. S., 160-272, it is not error for the court to exclude testimony of the police chief as to the existence and contents of the purported ordinance, it being necessary in such instance to produce by the proper official the official municipal records to prove the ordinance.

**4. Infants § 11—**

 In an action by a minor to recover for permanent personal injuries, a charge on the issue of damages permitting the jury to consider loss or decrease of earning capacity during minority as an element of recovery must be held for reversible error, since the father is entitled to the services and earnings of his unemancipated child during minority.

APPEAL by defendants from *Carr, J.,* at October Term, 1945, of WAYNE.

Cedric Toler and Thurman Toler, both minors, by their next friend, Lloyd F. Toler, instituted actions for personal injuries against the defendants, trading as Savage Taxi.

The cases were consolidated for trial by consent.

On 14 January, 1944, about 7:30 p.m., Cedric Toler and Thurman Toler were riding on a bicycle on Ash Street in the City of Goldsboro. There was no light on the bicycle, but Thurman Toler was holding a flashlight that reflected light in the direction they were riding. The evidence further tends to show that the plaintiffs were proceeding along the right side of Ash Street near the curb, in an easterly direction, when a truck owned by H. M. Savage, and driven by Sonny Savage, his son, in the course of his employment for the Savage Taxi, was proceeding in a westerly direction on said street. In an effort to pass two other cars proceeding in the same direction, Sonny Savage drove the truck over on the left side of the street and collided with plaintiffs' bicycle, which resulted in serious injuries to the plaintiffs.

Defendants offered no evidence, but moved for judgment as of nonsuit in each case, at the close of plaintiffs' evidence. The motions were overruled.

Verdicts for plaintiffs and judgments thereon were entered. Defendants appeal, assigning error.

*Paul B. Edmundson for plaintiffs.*
*J. Faison Thomson for defendants.*

DENNY, J. The appellants insist the evidence is insufficient to show that Sonny Savage was the agent, servant or employee of the defendants. Furthermore, they contend if it be conceded he was the agent, servant or

employee of the defendants, the plaintiffs have failed to show that he was acting within the scope of his employment at the time they sustained their injuries. We do not so interpret the evidence. In a conversation with Mr. Lloyd Toler, Mr. H. M. Savage, one of the defendants, stated "He was sorry the accident happened, that it was his truck, and his boy, and that he had been to Adamsville to pull a taxi out of a ditch." Moreover, the answers of the defendants contain the statement that the truck involved in the collision was the truck of the defendants, and the plaintiffs introduced the statement in evidence.

We think the evidence, when considered in its most favorable light for the plaintiffs, as it must be on a motion for judgment as of nonsuit, was sufficient to carry these cases to the jury.

The defendants also assign as error the refusal of his Honor to permit the Chief of Police of the City of Goldsboro to testify on cross-examination as to the existence and contents of a paper-writing which purported to be an Ordinance of the City of Goldsboro, governing the operation of bicycles on the streets of the city. This assignment of error cannot be sustained. There is no evidence on this record to the effect that the purported ordinance has been certified, as required by G. S., 8-5, or that it has been printed and published in book form by the governing body of the City of Goldsboro, as provided in G. S., 160-272. In the absence of a compliance with the above statutory provisions, it is necessary in order to prove the existence of an ordinance, over an objection, to produce by the proper official the official records of the city or town, showing its passage and the entry on the records of the ordinance itself. *S. v. Razook,* 179 N. C., 708, 103 S. E., 67.

Assignments of error numbered thirty-seven and thirty-eight are based on exceptions to the following portions of his Honor's charge: "The Court instructs you that a decrease in earning capacity is a proper element of damages if you find one's earning capacity has been decreased by reason of injury sustained. . . . You would consider compensation for pain and suffering, both mental and physical, and any decrease in earning capacity, which the plaintiff, Thurman Toler, has sustained."

These exceptions must be sustained in the case of Thurman Toler. He is not entitled to recover for any decrease in earning capacity during his minority. His Honor inadvertently failed to instruct the jury correctly as to the measure of damages in this respect. In the case of *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339, *Stacy, C. J.,* in speaking for the Court, said: "It seems to be the universal holding that an unemancipated infant cannot recover, as an element of damages in an action for personal injuries, for loss of time or diminished earning capacity during his minority. *Hayes v. R. R.,* 141 N. C., 195, 31 C. J., 1114; *Comer v. Lumber Co.,* 59 W. Va., 688, 8 Anno. Cas., 1105, and note.

The father is entitled to the services and earnings of his minor child so long as the latter is legally in his custody and under his control and not emancipated. *Floyd v. R. R.,* 167 N. C., p. 59; *Williams v. R. R.,* 121 N. C., 512; 29 Cyc., 1623. The charge is defective in that it fails to limit the plaintiff's recovery to the present worth of a fair and reasonable compensation for his mental and physical pain and suffering, if any, and for his permanent injuries, if any, resulting in the impairment of his power or ability to earn money after reaching his majority. *Murphy v. Ludowici Gas and Oil Co.,* 96 Kan., 321, 150 Pac., 581; *Cincinnati, etc. Ry. Co. v. Troxwell,* 143 Ky., 765, 137 S. W., 543." *Gillis v. Transit Corp.,* 193 N. C., 346, 137 S. E., 153; *Winchester-Simmons Co. v. Cutler,* 194 N. C., 698, 140 S. E., 622.

In the case of Cedric Toler, the jury was instructed that he claimed no permanent damages and asked only for reasonable compensation for a scar on his forehead and for the pain and suffering resulting from his injuries. And no exception was entered to the instructions given in the charge on the question of damages, in the case of Cedric Toler.

We have examined the remaining exceptions and find them without sufficient merit to modify or change the conclusions herein reached.

We find no error in the trial below in the case of Cedric Toler. In the case of Thurman Toler, there must be a new trial, and it is so ordered.

In the case of Cedric Toler,

No error.

In the case of Thurman Toler,

New trial.