GRAHAM SMITH, BY HIS NEXT FRIEND, MRS. HORACE KIRBY, v. S. H. HEWETT AND H. P. HEWETT

and

PRINCE O'BRIEN, ADMINISTRATOR OF W. C. SMITH, DECEASED, v. S. H. HEWETT AND H. P. HEWETT.

(Filed 21 May, 1952.)

**1. Parent and Child § 3c—**

Ordinarily the father is entitled to the earnings of his child during the child's minority, and is liable for necessary medical treatment for his child, and his right to recover these elements of damages against a third person who has negligently injured the child cannot be defeated by the bringing of an action in the name of the child by his mother as next friend, even though all damages are sought in such action, and therefore it is error for the court, in the child's action instituted by its mother, to permit the jury to consider such elements of damage, the father having instituted action to recover same.

**2. Same—**

Upon the death of the father, the father's administrator is entitled to continue the father's action against a tort-feasor who has negligently injured his child to recover for loss of services of the child up to the date of the father's death.

**3. Appeal and Error § 48—**

Where error is committed in respect to some of the issues, and it is apparent that the rights of the parties may be more satisfactorily and properly adjudicated by a general new trial, it will be so ordered.

APPEAL by defendants in the first case, and by plaintiff O'Brien in the second case, from *Bone, J.,* October Term, 1951, of PENDER. New trial.

These actions were instituted to recover damages resulting from a personal injury to Graham Smith, alleged to have been caused by the negligence of the defendants, and were consolidated for trial.

In the first action recovery for his injury was sought by Graham Smith, an unemancipated minor, appearing by his mother and next friend, Mrs. Horace Kirby. In the other action, W. C. Smith, father of Graham Smith, sought recovery for medical expenses incurred in the treatment of Graham Smith and for loss of his services consequent upon the injury set forth in the complaint.

It was alleged that 6 March, 1949, Graham Smith while riding on a motor-scooter was struck by a truck negligently driven by defendant H. P. Hewett, and for which S. H. Hewett, father of his codefendant, was responsible, and that serious and permanent injuries to Graham Smith resulted. W. C. Smith died 31 May, 1951, and Prince O'Brien, administrator, continued the prosecution of the action for his estate.

Issues were submitted and answered by the jury as follows:

"1. Was the plaintiff injured and damaged by the negligence of the defendant H. P. Hewett, as alleged in the complaint? Answer: Yes.

. "2. If so, is the defendant S. H. Hewett responsible for and chargeable with such negligence? Answer: Yes.

"3. Did the plaintiff by his own negligence contribute to his injury and damage, as alleged in the answer? Answer: No.

"4. What damage, if any, is the plaintiff (Graham Smith) entitled to recover? Answer: $15,000.00.

"5. What amount, if any, is the plaintiff Prince O'Brien, administrator of the estate of W. C. Smith, entitled to recover of the defendants on account of medical expenses paid by plaintiff's intestate? Answer: $50.00."

The court charged the jury if they believed the evidence and found the facts to be as the plaintiff's evidence tended to show, to answer the first issue "Yes." On the second issue the court instructed the jury that he was of opinion the plaintiff's evidence if believed by the jury would not be sufficient to make S. H. Hewett chargeable with negligence, and charged them to answer the second issue "No." On the third issue the court instructed the jury that after considering the evidence he was of opinion there was no evidence to show plaintiff (Graham Smith) guilty of contributory negligence and directed them to answer the third issue "No."

On the fifth issue as to the claim of Prince O'Brien, administrator of W. C. Smith, the court charged the jury that W. C. Smith's estate was not entitled to recover anything on account of loss of earnings of Graham Smith, nor for any medical expenses incurred in his treatment except the sum of $50.

Upon the coming in of the verdict the court in his discretion set aside the verdict on the second issue as to S. H. Hewett (the answer being contrary to the court's instruction) and awarded a new trial on that issue. S. H. Hewett excepted on the ground that under the court's directed verdict on this issue he was entitled to judgment of dismissal rather than a new trial.

Judgment was rendered that plaintiff Graham Smith recover $15,000 of H. P. Hewett, and that the administrator of W. C. Smith recover of H. P. Hewett $50.

The defendants H. P. Hewett and S. H. Hewett excepted and appealed.

The plaintiff Prince O'Brien also appealed from the judgment on the fifth issue limiting his recovery to $50.

*Moore & Corbett, Isaac C. Wright, and Frink & Herring for plaintiffs.*
*James & James for defendants.*

DEVIN, C. J.  It was chiefly urged for error by the defendants that under the court's instruction on the issue of damages (the fourth issue) the jury was permitted to consider as elements of damage in the case of Graham Smith, an unemancipated minor, hospital, medical and nursing expenses incurred, and also loss of earnings and diminished earning capacity during his minority.

The general rule is that an unemancipated minor cannot recover as an element of damage in an action for personal injury for loss of earnings or diminished earning capacity during his minority, but that the father is primarily entitled to his services and earnings as long as the minor is legally in his custody or under his control. *Shipp v. Stage Lines,* 192 N.C. 475 (479), 135 S.E. 339; *Toler v. Savage,* 226 N.C. 208, 37 S.E. 2d 485.  The father is under the legal duty to support his child during minority, and he has the right of action to recover for loss of earnings and for expenses incurred for medical care in treating an injury to his child caused by the wrongful act of another.  He would have right to maintain an action to recover the amounts he had paid thereon, and also for those for which he is legally liable.  *Williams v. Stores Co., Inc.,* 209 N.C. 591 (601-2), 184 S.E. 496; *White v. Commissioners,* 217 N.C. 329, 7 S.E. 2d 825.

Conceding these principles of law, the plaintiff contends they are not applicable here under the facts disclosed by the record.

The plaintiff Graham Smith at the time of the injury was 17 years of age.  His parents had been divorced several years before, but no order was made as to his custody.  His mother testified, "We were both to have him together."  His father lived in Brunswick County and his mother

in Pender, but he lived part of the time with his grandmother in Brunswick and part of the time with his mother. After his injury both father and mother took him to a hospital in Wilmington, and later to a hospital in Charlotte. Several physicians treated him. All of the bills are unpaid except $50 paid by the father. The bills were made out in the name of W. C. Smith, the father. No question was presented as to liens on the recovery in favor of those rendering treatment as provided by G.S. 44-49.

Under authority of *Pascal v. Transit Co.,* 229 N.C. 435 (441), 50 S.E. 2d 534, the mother, who appeared in the action and conducted it as next friend, would be estopped to maintain claim for loss of services or for medical expenses incurred. But this rule does not apply to the father, who instituted an independent action to recover for loss of services of his son and for medical expenses incurred in his treatment for which the father was primarily chargeable. He is not estopped, and, notwithstanding the divorce, is in law liable for medical and hospital expenses incurred in the treatment and care of his minor son. *Wells v. Wells,* 227 N.C. 614, 44 S.E. 2d 31. Hence, his asserted right to recover therefor from the wrongdoer cannot be ignored. Though the father is now dead, he was entitled to the services of his son for the two years he survived after the injury and to maintain an action to recover as against the tort-feasor. His administrator is entitled to continue the action instituted for that purpose.

It is apparent that there was error in charging the jury to take into consideration without qualification these elements in determining the amount of damages to be awarded Graham Smith and to add thereto the cost of all necessary medical and hospital expenses incurred, plus loss of earnings and earning capacity. *Williams v. Stores Co., Inc.,* 209 N.C. 591, 184 S.E. 496.

On the appeal of Prince O'Brien, administrator of W. C. Smith, from the ruling of the court in limiting his recovery to $50, the appellees admit error in the court's instruction, but do not concede that all the bills which were offered were properly admitted in evidence.

The court in the exercise of its discretion set aside the verdict on the second issue as to the liability of S. H. Hewett, as being contrary to instructions, and awarded a new trial on that issue.

The plaintiff O'Brien, administrator, appealed from the judgment on the fifth issue limiting his recovery to $50, and in that case the defendant appellees concede error.

On defendants' appeal in the Graham Smith case, as hereinbefore set out, we are of opinion there was error in the court's instructions to the jury on the issue of damages, the fourth issue.

Under these conditions we think the rights of the parties could be more satisfactorily and properly adjudicated by a general new trial of all the issues raised in the two cases which were consolidated for trial.

This disposition of the appeals renders it unnecessary to decide the question debated on the argument as to the effect of the directed verdict on the second issue in the light of the jury's response thereto. As the case will be heard *de novo,* we express no opinion as to the correctness of the court's instructions on the first and third issues.

New trial.