ERNEST FLOYD FOSTER v. MARGARET ANN FOSTER.

(Filed 18 June, 1965.)

**1. Appeal and Error § 21—**

An assignment of error to the signing of the judgment presents for review whether the agreed statement of facts supports the judgment and whether error of law appears on the face of the judgment.

**2. Husband and Wife § 9—**

The common law disability of spouses to sue each other in tort has been completely removed in this State. G.S. 52-10, G.S. 52-10.1.

**3. Parent and Child § 2—**

An unemancipated child may not sue the parent for negligent injury, even after becoming of age.

**4. Infants § 4;  Parent and Child § 4—**

Negligent injury to an unemancipated child gives rise to a right of action in the infant to recover for his physical pain and mental suffering and the impairment of earning capacity after majority, and a right of action in the father to recover for loss of services of the infant during minority and other pecuniary expenses incurred or likely to be incurred by the parent as a result of the injury, including expenses of necessary medical treatment.

**5. Parent and Child § 4;  Husband and Wife § 9—**

The husband may maintain an action against the wife to recover the amounts expended by the husband for medical treatment of their child made necessary by the wife's negligent injury to the child since such damages come within the purview of G.S. 56-10.1, imposing liability on husband or wife for damages to a property right of the spouse.

**6. Costs § 4—**

Upon recovery of judgment in an amount less than one thousand dollars by the husband against the wife for sums expended for medical expenses

made necessary by the wife's negligent injury of their child, the court may allow a sum for the husband's counsel fee to be taxed as part of the costs.

APPEAL by defendant from *Cowper, J.,* October 1964 Special Session of BEAUFORT.

Civil action by husband against his wife to recover medical expenses expended by him on behalf of their minor child for injuries to said child allegedly caused by defendant's actionable negligence in the operation of an automobile, heard upon an agreed statement of facts signed by counsel for both parties, as follows:

"1.  Plaintiff and defendant are and were on May 9, 1963, husband and wife.

"2.  Pamela Sue Foster is the infant daughter of both plaintiff and defendant.

"3.  On May 9, 1963, plaintiff was the owner of a 1959 Buick automobile which he kept and maintained as a family purpose automobile.

"4.  On May 9, 1963, defendant while operating said Buick automobile with the consent of plaintiff, collided with an automobile owned and operated by one, Dallas B. Waters.

"5.  Said collision was solely and proximately caused by the negligence of the defendant.

"6.  Pamela Sue Foster, infant daughter of plaintiff and defendant, was a guest passenger in the automobile being operated by defendant at the time of said collision and said infant sustained certain bodily injuries as a direct and proximate result of said collision and defendant's negligence. The plaintiff was not present at the time of said collision.

"7.  That by reason of the said injuries sustained by Pamela Sue Foster, she was hospitalized and received medical attention from Dr. W. E. Swain, M. D.; it was reasonably necessary for the health and welfare of said minor that she receive medical attention and that medical expenses be incurred for her benefit.

"8.  The medical expenses aforesaid incurred on behalf of said infant have been paid by plaintiff in the sum of $438.60, which sum is reasonable for the services rendered said infant."

The court, being of opinion that plaintiff is entitled to recover from defendant the sum of $438.60, ordered and decreed that plaintiff recover from defendant the sum of $438.60, and the costs of the action,

which shall include the sum of $100 for plaintiff's counsel fees to be taxed as part of the costs.

From the judgment, defendant appeals.

*Carter & Ross for defendant appellant.*
*Rodman & Rodman by Edward N. Rodman for plaintiff appellee.*

PARKER, J. Plaintiff and defendant filed in this Court an additional agreement of facts signed by counsel for both parties, reading as follows:

"1. That on May 9, 1963, Pamela Sue Foster, daughter of plaintiff and defendant herein, was an unemancipated minor age 4 months and resided in the home of her parents at Route 2, Belhaven, North Carolina.

"2. That at the time of the institution of this action, Pamela Sue Foster was still unemancipated and residing in the home of her parents."

Defendant has one assignment of error, and that is to the signing of the judgment. This presents for review the question as to whether the agreed statement of facts support the judgment and whether error of law appears on the face of the judgment. Strong's N. C. Index, Vol. 1, Appeal and Error, § 21.

*Scholtens v. Scholtens,* 230 N.C. 149, 52 S.E. 2d 350 (1949), was a case where the husband brought action against his wife to recover damages for personal injuries which he received in an automobile accident allegedly caused by her actionable negligence. The Court held that the husband had no such right of action.

The 1951 General Assembly in effect overruled the holding in the *Scholtens* case in respect to future cases by Chapter 263, 1951 Session Laws, codified as G.S. 52-10.1, which provides as follows: "A husband and wife have a cause of action against each other to recover damages sustained to their person or property as if they were unmarried." 29 N. C. Law Review 395-96. Robert E. Lee, Professor of Law, Wake Forest College, states in his North Carolina Family Law, Vol. 2, p. 473, note 156: G.S. 52-10.1 "was drafted by the writer of this text and designed to change the holding in *Scholtens v. Scholtens,* 230 N.C. 149." The common law disability of the spouses to sue each other in tort actions has been completely removed in North Carolina by G.S. 52-10, 52-10.1. *Cox v. Shaw,* 263 N.C. 361, 139 S.E. 2d 676; Lee, North Carolina Family Law, Vol. 2, § 211, p. 472.

On 9 May 1963, the day she was injured by the actionable negligence of her mother in the operation of an automobile, Pamela Sue Foster,

daughter of plaintiff and defendant, was an unemancipated child, age four months, and was living in the household of her parents. Such being the case, Pamela Sue Foster cannot in North Carolina maintain a tort action against her mother for her personal injuries negligently inflicted by her mother in the operation of an automobile on 9 May 1963. *Cox v. Shaw, supra; Redding v. Redding,* 235 N.C. 638, 70 S.E. 2d 676; *Small v. Morrison,* 185 N.C. 577, 118 S.E. 12, 31 A.L.R. 1135; Lee, North Carolina Family Law, Vol. 3, § 248, pp. 162-63. It seems that our cases on this specific point are in accord with those in the overwhelming majority of other jurisdictions. Lee, North Carolina Family Law, Vol. 3, § 248, pp. 162-63; Annot. 19 A.L.R. 2d, p. 439 *et seq.* We held in *Small v. Morrison, supra,* decided by a divided Court, that the fact that the particular defendant-parent is protected by insurance does not enable the minor child to maintain the action if he could not otherwise have maintained it. Professor Lee in North Carolina Family Law, Vol. 3, § 248, pp. 169-170, states in effect that most states hold as does North Carolina in *Small v. Morrison, supra.* Pamela Sue Foster cannot maintain an action against her mother for her personal injuries negligently inflicted by her mother during her minority on 9 May 1963 even after she has attained her majority. Annot. 19 A.L.R. 2d, p. 438; Lee, North Carolina Family Law, Vol. 3, p. 163; see *Small v. Morrison, supra.*

In this jurisdiction two causes of action come into existence when a person by reason of his tortious conduct is liable to an unemancipated infant living in the household of his parents for personal injuries: (1) the right of the infant to recover for his mental and physical pain and suffering, and the impairment of earning capacity after attaining majority; and (2) the right of the father to recover for loss of services of the infant during minority, and other pecuniary expenses incurred or likely to be incurred by the parent as a consequence of the injury, including expenses of necessary medical treatment. *Doss v. Sewell,* 257 N.C. 404, 125 S.E. 2d 899; *Ellington v. Bradford,* 242 N.C. 159, 86 S.E. 2d 925; *Smith v. Hewett,* 235 N.C. 615, 70 S.E. 2d 825, 32 A.L.R. 2d 1055; *White v. Comrs. of Johnston,* 217 N.C. 329, 7 S.E. 2d 825; *Williams v. R. R.,* 121 N.C. 512, 28 S.E. 367; Lee, North Carolina Family Law, Vol. 3, § 241.

*Williams v. R. R., supra,* was heard upon agreed facts showing that the 19-year-old son of plaintiff was employed by defendant without the knowledge or consent of the father, and was injured while so employed, but the injury was not due to the negligence of defendant. The claim of the plaintiff-father was for damages for loss of services of his son after and in consequence of his injury. The trial judge, being of opinion that on the facts agreed the plaintiff-father was not entitled to recover,

ordered and adjudged that plaintiff take nothing. This Court in finding no error said: "For the services the son had rendered, compensation belonged to the father; but as the loss of further services was caused by an injury which was not caused by the fault of the defendant it cannot be held liable for such loss."

The weight of authority seems to be that "a person who, without a parent's consent, knowingly employs a minor child to perform work, or to work in a place, which is dangerous, is liable to the parent for damages accruing to him from an injury resulting to his child, irrespective of whether the injured child could maintain an action for his injuries." Annot. 94 A.L.R., 1214. Among the cases from several jurisdictions cited in the annotation to support the statement is our case of *Haynie v. Power Co.,* 157 N.C. 503, 73 S.E. 198, 37 L.R.A. (N.S.) 580, Ann. Cas. 1913C, 232.

In *Musgrove v. Kornegay,* 52 N.C. 71, 74, Pearson, C.J., speaking for a unanimous Court, said: "A father is entitled to the services of his child until he arrives at the age of 21. He has a right of property in the services * * *."

This is said in 39 Am. Jur., Parent and Child, § 74, p. 719:

> "Although the parent's right of action is sometimes spoken of in legal parlance as a personal injury case, it is not strictly so, but rather, being dependent on the loss of services of the child and other pecuniary loss, is more properly treated as an action for damage to a property right. It has been held to be within a statute imposing liability for 'injuries to person or property.' "

This is said in Annot. 42 A.L.R. 717, 724:

> "A parent suing for loss of his child's services (or medical expenses, etc.), or a husband suing for loss of services and society of his wife, occasioned by an injury, is, in fact as well as established theory, suing for damage to a property right, — a damage to his property, — just as if (to use the classic, but unflattering, simile) his donkey or his oysters had been injured."

In *Psota v. Long Island R. Co.,* 246 N.Y. 388, 159 N.E. 180, the Court held that the words "injuries to person or property" in Highway Law (Consol. Laws, c. 25) § 282-e, making an automobile owner liable for death or "injuries to person or property" resulting from negligence in the operation of a motor vehicle, include a father's action for loss of services of child or wife.

This is said in *Tidd v. Skinner,* 225 N.Y. 422, 122 N.E. 247, 251:

"The common-law action which a master or parent has for loss of services of a servant or minor child is based upon an injury to a property right. Compensation is allowed for loss of services to which the master or parent is entitled and for the expenses incurred by reason of such injury."

This is said in *Krasner v. O'Dell*, 89 Ga. App. 718, 80 S.E. 2d 852.

"Medical expenses, incurred for treatment of a minor child's injuries, and the loss of the child's services, when caused by the tortious act of another, are elements of damage to the father's property rights, and give rise to a cause of action in the father."

To the same effect see: *Automobile Underwriters v. Camp*, 109 Ind. App. 389, 32 N.E. 2d 112; *Wilkie v. Roberts*, 91 Fla. 1064, 109 So. 225; *Pritsker v. Greenwood*, 47 R.I. 384, 133 A. 656; *Bioni v. Haselton*, 99 Vt. 453, 134 A. 606.

It seems clear that plaintiff's action to recover necessary medical expenses expended by him for his infant daughter in the instant case is within the fair intent and meaning of G.S. 52-10.1 imposing liability for damages sustained to property.

In Lee, North Carolina Family Law, Vol. 3, § 248, p. 170, it is said: "In North Carolina and most jurisdictions a minor child may maintain an action against the employer of his parent for personal injuries sustained as the result of the parent's negligence within the scope of his employment." Professor Lee cites numerous authorities in support of his statement, including our case of *Wright v. Wright*, 229 N.C. 503, 507-08, 50 S.E. 2d 540, 544. In the *Wright* case it is said: "The personal immunity from suit because of the domestic relation does not extend to the employer so as to cancel his liability or defeat recovery on the principle *respondeat superior* when the injury was inflicted by the servant acting as such."

In *Cox v. Shaw, supra,* the Court held that even though the wife-mother's administrator could not recover for her wrongful death from the estate of her son, he could recover from the husband-father, because of the son's negligence, under the doctrine of *respondeat superior.*

The agreed facts are sufficient to invoke the family car purpose doctrine. In *Smith v. Simpson*, 260 N.C. 601, 133 S.E. 2d 474, it is said: "The very genesis of the family purpose doctrine is agency. The question of liability for negligent injury must be determined in that aspect." It seems clear from the agreed statement of facts that at the time of the injuries to Pamela Sue Foster defendant was the agent of plaintiff, and was acting within the scope of her authority as his agent. It has been held (or assumed) in many cases that, in the absence of waiver or

estoppel on his part, a principal or master has a right of action against the agent or servant for loss or damage resulting to the principal or master which has proximately resulted from the agent's or servant's negligence. 3 C.J.S., Agency, § 286, (a); Annot. 110 A.L.R. 832, where many cases are cited, including one from North Carolina. What was said by Ervin, J., writing the majority opinion in *Rollison v. Hicks*, 233 N.C. 99, 63 S.E. 2d 190, in respect to actions brought by the master against the servant to recover for injuries suffered by the former as a result of the latter's actionable negligence is also applicable to similar actions brought by a principal against his agent. Justice Ervin said:

> "The doctrine of imputed negligence has no application, however, to actions brought by the master against the servant to recover for injuries suffered by the former as a result of the latter's actionable negligence. * * *
>
> "* * * But it would offend justice and right to impute the negligence of a servant to his master and thus exempt him from the consequences of his own wrong-doing where the negligence proximately causes injury to a master who is without personal fault."

According to the agreed facts "plaintiff was not present at the time of the said collision." There is no waiver or estoppel on his part in the instant case. He was not in the automobile at the time of the collision, and that is another reason why his wife's negligence cannot be imputed to him. 65 C.J.S., Negligence, § 168, (f).

In 39 Am. Jur., Parent and Child, p. 718, it is said: "But the parent's right of action, although distinct from the child's right of action, is based upon and arises out of the negligence which causes the injury to the child. Thus, the parent cannot recover unless the child also has a good cause of action." To the same effect, 67 C.J.S., Parent and Child, p. 742; Restatement, Torts, § 703; Annot. 94 A.L.R., "II. General Rule," p. 1211; *Levesque v. Levesque*, 99 N.H. 147, 106 A. 2d 563; *Cavanaugh v. First National Stores*, 329 Mass. 179, 107 N.E. 2d 307. The general rule of law to the effect that as Pamela Sue Foster in the instant case cannot in North Carolina maintain a tort action against her mother for her personal injuries negligently inflicted by her mother in the operation of an automobile, there can be no recovery by plaintiff here, is not the law in this jurisdiction by virtue of the express provisions of G.S. 52-10.1.

By virtue of the express provisions of G.S. 52-10.1, and upon the agreed facts, the court below was correct in holding that plaintiff was entitled to recover from the defendant the medical expenses expended by him on behalf of Pamela Sue Foster for injuries to her caused by defendant's actionable negligence in the operation of an automobile,

and in decreeing that plaintiff recover from the defendant the sum of $438.60 and the costs of the action, which shall include the sum of $100 for plaintiff's counsel's fees to be taxed as part of the costs. As to allowance of counsel's fees here, see G.S. 6-21.1.

The agreed facts support the judgment and no error of law appears on the face of the record. The judgment below is

Affirmed.