**Terry Lynn STOKES, by her guardian ad litem, C. W. Everett, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 71-1101.**

United States Court of Appeals, Fourth Circuit.

Argued May 5, 1971.

Decided June 22, 1971.

Laurence S. Graham, Greenville, N. C., for appellant.

John R. Whitty, Asst. U. S. Atty. (Warren H. Coolidge, U. S. Atty., E. D. of North Carolina, on brief), for appellee.

Before WINTER, BUTZNER, and RUSSELL, Circuit Judges.

BUTZNER, Circuit Judge.

This appeal raises the question whether a child struck by a post office truck can sue under the Federal Tort Claims Act to recover damages for pain and suffering after the government has reimbursed her parents for medical expenses. The district court held that the child's complaint failed to state a claim against the government and dismissed the action. We reverse.

The complaint alleges that a truck operated by an employee of the Post Office Department struck Terry Lynn Stokes, a three year old child. Her parents, who were not represented by counsel, presented a claim on a post office form, and a postal official advised the child's mother that the proper amount of the claim should be the medical expenses incurred as a result of the injury. Accordingly, the mother completed the form by inserting the sum of $1,142.15, the child's total medical expenses. About 45 days later, the child's parents received a check for this sum. The letter of transmittal stated that the award represented the full amount of the claim and that acceptance would operate as a complete release of the government and its employee. Later, on advice of counsel, the parents requested the Post Office Department to permit them to withdraw the claim in the amount of $1,142.-15, and at the same time, they submitted a claim for $25,000. When the post office denied the $25,000 claim, this suit was instituted to recover for the child's disability, pain and suffering.

The Federal Tort Claims Act allows recovery for personal injury "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[1] In North Carolina, the place of the accident, two related but distinct causes of action arose when the post office truck struck the child. They are: "(1) An action on behalf of the child to recover damages for pain and suffering,

1. Title 28 U.S.C. §§ 1346(b) and 2674.

permanent injury and impairment of earning capacity after attaining majority; and (2) an action by the parent, ordinarily the father, for (a) loss of the services and earnings of the child during minority, and (b) expenses incurred for necessary medical treatment for the child's injuries." Kleibor v. Rogers, 265 N.C. 304, 144 S.E.2d 27 (1965); accord, Foster v. Foster, 264 N.C. 694, 142 S.E. 2d 638 (1965). In *Kleibor,* the court held that a judgment against an infant because of his contributory negligence was not *res judicata* in a subsequent action brought by the infant's father for medical expenses. *Foster* held that while an infant could not sue her mother for negligently caused personal injuries, the infant's father could sue the mother for medical expenses.

The $1,142.15 for medical expenses received by the parents did not include any payment to the child on account of her disability, pain, and suffering. Since under North Carolina law, the child has a claim separate and apart from that of her parents for medical expenses, settlement of the claim for medical expenses did not discharge the government from all liability.

Title 28 U.S.C. § 2675[2] provides that a claimant must first present his claim to the appropriate federal agency. Subsection (b), with exceptions not pertinent to this case, prohibits the claimant from suing for any sum in excess of the amount of his administrative claim. The government contends that this statute, coupled with a regulation that permits a parent to file a claim for a child,[3] bars recovery in excess of $1,142.15, the amount of the first administrative claim. We reject this argument because it fails to take into account both the dual nature of the liability that arises out of the injury of an unemancipated infant, and the care with which the law clothes the rights of a child. Cf. Dixon v. United States, 197 F.Supp. 798 (W. D.S.C.1961).

The government also relies on Ferreira v. United States, 389 F.2d 191 (9th Cir. 1968), where the court dismissed an action for personal injuries because the claimant had been allowed the full amount of his administrative claim before he attempted to withdraw it. *Ferreira,* however, is not controlling, for that case dealt with an adult who presented no newly discovered evidence nor intervening facts for which § 2675(b) would justify reopening the claim. Moreover, the injury to Ferreira gave rise to but one cause of action, which included his medical expenses, disability, pain and suffering.

The judgment of the district court dismissing this action is reversed, and the case is remanded for trial on its merits.

---

2. Title 28 U.S.C. § 2675 provides in part: "(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

"(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

3. 28 C.F.R. § 14.3.