**Frank J. FERREIRA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21488.**

United States Court of Appeals
Ninth Circuit.

Jan. 12, 1968.

---

James R. Slaybaugh (argued) of Creede & Dawson, Fresno, Cal., for appellant.

John P. Hyland, U. S. Atty., William B. Shubb, Asst. U. S. Atty. (argued), Sacramento, Cal., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and BROWNING and DUNIWAY, Circuit Judges.

MADDEN, Judge:

This is an action under the Federal Tort Claims Act for money damages against the United States based upon the alleged negligence of various employees of the federal government. Insofar as this appeal is concerned, there is no dispute as to the relevant facts. Appellant alleges he sustained injury on September 18, 1962, when a tractor driven by him went into a hole left by employees of the United States Department of the Interior, Bureau of Reclamation, and threw him to the ground. On September 24, 1962, appellant filed an administrative claim with the Regional Director of the Sacramento Region of the United States Department of the Interior in the amount of $93.50 to recover for personal injuries arising out of the accident of September 18, 1962. The claim contained the following printed statement immediately above appellant's signature:

I declare under penalties of perjury that the amount of this claim covers only damages and injury caused by the accident above described. I agree to accept said amount in full satisfaction and final settlement of this claim.

On July 11, 1963, appellant's administrative claim was allowed in full by the agency, but appellant rejected the award and refused to accept payment of the $93.50. Appellant then instituted the present action in the district court on September 18, 1963, alleging serious complications unforeseen at the time of filing the administrative claim and seeking damages for personal injuries arising from the accident in the amount of $75,000. No attempt was made prior to approval of appellant's administrative claim or prior to filing of the present action to withdraw the administrative claim.

The court below denied appellant's suit on the grounds that it was premature under 28 U.S.C. § 2675(a) when brought and was barred at the time of judgment by the applicable statute of limitations. Section 2675(a) of Title 28 bars suits of the kind involved here against the United States upon claims which have been previously presented to a federal agency until there has been a "final disposition"

by the agency of the administrative claim. The court below found the present suit premature on the ground that there had been no such "final disposition" of appellant's administrative claim at the time the action was brought.

Appellant contends that the court below erred because the July 11, 1963, allowance of his administrative claim was the "final disposition" of that claim required by section 2675(a) as a prerequisite to instigating the present action. The Government does not here oppose appellant's contention that final disposition of the administrative claim had been made at the time the present action was brought. Rather, the Government contends that the present suit is barred in any case, whether or not the agency's action is considered a "final disposition" of the claim, because the claim was allowed in full before it was withdrawn.

The Government's position is that appellant, by filing his claim with the administrative agency in the first place, agreed to accept the amount of $93.50 in full satisfaction and final settlement of his claim. The Government argues that the administrative claim as submitted by appellant constituted an offer of settlement, which could be revoked by appellant by withdrawing the claim at any time prior to its acceptance in full by the agency, but which could not be withdrawn after the offer was accepted by the agency. Appellant's offer ripened into an executed agreement, the Government contends, when the claim was accepted in full by the agency; and thereafter appellant was bound to accept the claimed sum in full satisfaction of his claim.

█ We agree with the Government that a claimant cannot bring an action against the United States under the Federal Tort Claims Act where he has previously presented an administrative claim upon the same cause of action and that claim has been allowed in full prior to its withdrawal by the claimant. At the time this action was brought, 28 U.S.C. subsection 2675(a) and subsection 2675(b) provided:

(a) An action shall not be instituted upon a claim against the United States which has been presented to a federal agency, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his authority, unless such federal agency has made final disposition of the claim.

(b) The claimant, however, may, upon fifteen days written notice, withdraw such claim from consideration of the federal agency and commence action thereon. Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

█ The language of subsections 2675(a) and (b) does not explicitly answer the question involved here, and the question appears to be one of first impression. We have been cited to no cases and have found none which bear directly on the question of whether one who has presented an administrative claim against a federal agency may file suit against the United States on the same cause of action before the claim has been withdrawn and after it has been allowed in full.[1]

---

1. Contrary to the holding of the district court, we find that by allowing plaintiff's administrative claim in full the agency did make "final disposition" of that claim within the meaning of 28 U.S.C. § 2675(a). A final disposition within the meaning of § 2675(a) of an administrative claim is necessarily made when the claim is allowed in full because such disposition is final and conclusive upon all officers of the government, except where procured by means of fraud and, once allowed, the claim cannot be the subject of further negotiation. 28 U.S.C. § 2672.

■ We conclude in these circumstances, however, that the statute was not intended to permit a claimant to file an administrative claim, wait until the claim has been allowed in full, and then sue the United States for a larger sum. As noted above, 28 U.S.C. § 2675(a) at the time this action was brought provided that suit upon a claim presented to a federal agency could not be brought against the United States until the agency had made a final disposition of the claim. Subsection 2675(b) went on to provide that the administrative claimant can, however, commence an action prior to final disposition of his administrative claim if that administrative claim is first abandoned and withdrawn. Subsection 2675(b), it will be noted, is juxtaposed to subsection 2675(a) by use of the conjunction "however." We conclude that the juxtaposition of subsection 2675(a) and subsection 2675(b) by use of the conjunction "however" indicates that judicial relief under the statute is intended to be an alternative remedy to administrative relief and available only where the administrative claim is first abandoned and withdrawn under subsection 2675(b) or denied under subsection 2675(a). That is, only where the "final disposition" of the administrative claim under subsection 2675(a) is unfavorable to the claimant, may suit on the claim thereafter be brought.[2]

This interpretation of the statute is required if the provision for withdrawal of claims contained in § 2675(b) is to serve any purpose in the statutory scheme. If suit could be brought at any time within the applicable statute of limitations, regardless of whether or not the administrative claim has been withdrawn, then the withdrawal provision of § 2675(b) is superfluous. This court will not declare statutory language unnecessary and surplusage if the language permits of a reasonable construction which will give effect to all the terms of the statute. Moore Equipment Co., Inc. v. England, 185 F.2d 1019 (9th Cir. 1950), aff'g 94 F.Supp. 532 (N.D.Cal.1950).

Furthermore, a contrary reading of the statute would place upon federal agencies the unwarranted burden of processing claims to an award which, even though it is for the full amount of the claim, could be rejected by the claimant. The statute does not dictate such a result, and we do not think Congress intended it. Where newly discovered evidence or intervening facts are felt by a claimant to warrant an increased claim, the claimant is free to withdraw the original claim and either file a new claim or commence a civil action. In the absence of such withdrawal, however, a claimant is bound to accept an award of the full amount of his claim in full satisfaction and final settlement of that claim.

The judgment is affirmed.

Compare Trepina v. Wood, 227 F.Supp. 726 (D.C.Mont.1964).

In the district court, the government stressed, in its trial memorandum, the same argument which it made in its brief in this court, and on which we are deciding this case. The appellant did not file a reply brief in this court.

2. The statute was amended in 1966 to provide:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of any agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence, not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.