Norman WEXLER and Stanford Glanzberg

v.

John L. NEWMAN and United States of America.

Civ. A. No. 42559.

United States District Court, E. D. Pennsylvania.

April 28, 1970.

William Steerman, Philadelphia, Pa., for plaintiffs.

Barry W. Kerchner, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## OPINION

LUONGO, District Judge.

On April 22, 1965, an automobile driven by Norman Wexler, and in which Stanford Glanzberg was a passenger, collided with an automobile driven by an employee of the United States acting within the scope of his employment. On September 21, 1966, Wexler submitted a claim form (GSF–95) for $279.19, claiming property damage in that amount and asserting no claim for personal injury. That claim was allowed and paid in full on April 19, 1967. On April 20, 1967, a form GSF–95 was submitted on behalf of Glanzberg and Wexler seeking, for Glanzberg, an amount in excess of $10,-000 and, for Wexler, $2,779.19. The next day, April 21, 1967, the instant suit was filed.

The United States has moved to dismiss both claims on the ground that they had not been disposed of administratively or withdrawn prior to the filing of suit, as required by 28 U.S.C. § 2675 (a) and (b) of the Federal Tort Claims Act, and Wexler's on the additional ground that his claim was barred by the payment of $279.19 on April 19, 1967.

█ The government's motion to dismiss Wexler's claim will be granted. It appears from documents attached as exhibits to the government's answer that Wexler filed an administrative claim which was paid in full. The form on which the claim was submitted contains a notation directly above Wexler's signature as follows:

"I declare under the penalties of perjury that the amount of this claim covers only damages and injuries caused by the accident above described. *I agree to accept said amount in full satisfaction and final settlement of this claim.*" (Emphasis supplied)

Payment of the administrative claim in full is a bar to any further recovery against the United States. 28 U.S.C. § 2673 (prior to amendment of July 18, 1966); Huber v. United States, 244 F.

Supp. 537 (N.D.Cal.1965) ; and see Ferreira v. United States, 389 F.2d 191 (9th Cir. 1968).

■ The government contends that Glanzberg's claim should also be dismissed. Claim was first filed on his behalf on April 20, 1967. Section 2675(a) and (b) provides that

"(a) An action shall not be instituted upon a claim against the United States which has been presented to a federal agency, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his authority, *unless such federal agency has made final disposition of the claim.*" (Emphasis supplied)

"(b) The claimant, however, may, upon fifteen days written notice, withdraw such claim from consideration of the federal agency and commence action thereon. * * *"

In the instant case, suit was started on Glanzberg's claim on April 21, one day after the administrative claim was filed. Obviously the 15 days written notice for withdrawal was not given, nor had the claim been finally disposed of by the agency.

It is Glanzberg's contention that his claim does not come within the purview of administrative claims and consequently he is bound neither by the "final disposition" nor the "fifteen days notice of withdrawal" provisions of § 2675.

The Federal Tort Claims Act subjects the United States to liability for tort claims in the same manner and to the same extent as a private individual under like circumstances (with certain exceptions not here pertinent, § 2674) and it provides for administrative adjustment of claims of $2,500 or less (§ 2672). It also provides as a prerequisite to suit that there be a final disposition of the claim by the federal agency (§ 2675(a)), or withdrawal of the claim on written notice by the claimant (§ 2675(b)). The latter provisions are obviously limited in their application to claims for $2,500 or less. Glanzberg's claim, submitted on April 20, 1967 for an amount in excess of $10,000, was beyond the jurisdiction of the federal agency. In my view, submission of that claim to the agency was a nullity requiring neither "final disposition" by the agency nor "withdrawal" by the claimant as a prerequisite for suit.

Further support for this conclusion is found in 28 U.S.C. § 2401(b) which provides that on tort claims against the United States suit must be instituted within two years after the claim accrues, or, *in the case of a claim not exceeding $2,500,* written claim must be presented to the appropriate federal agency within two years after the claim accrues, or otherwise be forever barred.

The government's motion to dismiss Glanzberg's claim will be denied.