John Andrew **POTNICK** et al.,
Plaintiff,

v.

The **UNITED STATES** et al.,
Defendant.

No. EC 72–79–S.

United States District Court,
N. D. Mississippi, E. D.
March 21, 1973.

William P. Dodson, Oxford, Miss., for plaintiffs.

H. M. Ray, U. S. Atty., William M. Dye, Jr., Asst. U. S. Atty., Oxford, Miss., Michael D. Jonas, Aberdeen, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Plaintiffs, a retired couple who are citizens of Chickasaw County, Mississippi, have brought this action against the United States through the Administrator of Veterans Affairs (Administrator), M & M Contracting, Inc., and Mrs. Miriam Springfield. The latter defendants are also citizens of Mississippi; M & M Contracting, Inc. is a construction firm, and Mrs. Miriam Springfield is the corporate agent.

Plaintiffs seek to recover from the Veterans Administration (VA) an amount necessary to repair alleged structural defects in a house which they purchased with a VA guaranteed loan. Additionally, they seek to recover from the corporate builder and its agent compensatory damages for mental anguish and physical discomfort, and punitive damages for fraud, misrepresentation and breach of warranty.

The action is now before the court upon a motion to dismiss filed by the Administrator. The complaint, of course, will be construed in the light most favorable to the plaintiffs, and the allegations taken as true.

Plaintiffs purchased a new home in the Hillcrest Subdivision of Okolona, Mississippi from M & M Contracting which acted through an authorized agent, Mrs. Miriam Springfield. A significant portion of the purchase price was provided by a Jackson, Mississippi lender. The Administrator, pursuant to the provisions of the Servicemen's Readjustment Act, as amended, guaranteed the loan. 38 U.S.C.A. § 1801 et seq. The builder-grantor furnished an ordinary warranty deed and a "Warranty of Completion of Construction in Substantial Compliance with Approved Plans and Specifications" as required by 38 U.S.C.A. § 1805. An agent of the Administrator inspected the structure before the loan guarantee was made.

Shortly after occupying their new home, plaintiffs observed numerous defects in design and construction which rendered the house "unlivable" and which, but for the plaintiff's modest financial resources, would have forced evacuation. Apparently an informal effort to induce the warrantor to remedy the defects failed, and within six months plaintiffs served a notice of non-con-

formity upon all defendants. This action was filed one day thereafter.

Plaintiffs seek to invoke the jurisdiction of this court pursuant to the provisions of 28 U.S.C.A. § 1346(a)(2) which provides, in part:

(a) "The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States. . . ."

■ Plaintiffs can point to no constitutional provision or executive regulation which provides a right or remedy. Moreover, they do not claim to be parties to an express or implied contract with the United States. Instead, they refer to another jurisdictional statute, 38 U.S.C.A. § 1820, and assert that they are thus provided the means to enforce the substantive provisions of 38 U.S.C.A. § 1827. In part, 38 U.S.C.A. § 1820 provides:

(a) "Notwithstanding the provisions of any other law, with respect to matters arising by reason of this chapter, the Administrator may—

(1) Sue and be sued in his official capacity in any court of competent jurisdiction, State or Federal. . . ."

In part, 38 U.S.C.A. § 1827 provides:

(a) The Administrator is authorized, with respect to any property improved by a one-to four-family dwelling inspected during construction by the Veterans' Administration or the Federal Housing Administration which he finds to have structural defects seriously affecting the livability of the property, to make expenditures for (1) correcting such defects, (2) paying the claims of the owner of the property arising from such defects, or (3) acquiring title to the property;

except that such authority of the Administrator shall exist only (A) if the owner requests assistance under this section not later than four years (or such shorter time as the Administrator may prescribe) after the mortgage loan was made, guaranteed, or insured, and (B) if the property is encumbered by a mortgage which is made, guaranteed, or insured under this chapter after the date of enactment of this section.

(b) The Administrator shall by regulation prescribe the terms and conditions under which expenditures and payments may be made under the provisions of this section, and his decisions regarding such expenditures or payments, and the terms and conditions under which the same are approved or disapproved, shall be final and conclusive, and shall not be subject to judicial review.

The Administrator has prescribed the terms and conditions under which action may be initiated and payments made pursuant to the above statute. 38 C.F.R. § 36.4364. There is no allegation in the complaint that plaintiffs have attempted to invoke the aid of the Administrator in an administrative proceeding to secure funds for repair. Instead, they seek to entirely circumvent the prescribed administrative procedure, and litigate their claim in this court.

In the motion to dismiss for failure to state a claim, the Administrator contends that plaintiffs' sole remedy, with respect to the VA, is to seek the discretionary aid of his office. To hold otherwise, he contends, would contradict or nullify the congressional will as clearly manifested by § 1827. This court is in agreement with the Administrator.

■ In 1968 Congress enacted Public Law 90–301 which is now codified as 38 U.S.C.A. § 1827. The bill gives the Veterans Administration authority similar to that provided by § 518 of the National Housing Act, as amended. 12 U.S.C.

**398**

A. § 1715u. The Administrator is authorized, in his discretion, to extend aid to distressed homeowners who, after relying on VA construction standards and inspections, discover defects in their property purchased with a guaranteed loan.

The fundamental purpose of the bill, however, is to authorize the Administrator to correct substantial defects before foreclosure occurs and the VA is faced with the burden of recouping its loss on an ordinarily unmarketable structure. Congressional concern for the plight of the distressed homeowner may have been only a secondary consideration. See, 1968 U.S.Code Cong. and Adm.News, p. 1923, 1930–1931. Within the limits of the statute, the Administrator's discretion is quite broad. His decision, more-over, is "final and conclusive, and [not] subject to judicial review." 38 U.S.C.A. § 1827(b).

▮ To accept jurisdiction of this action against the United States and order the type and terms of relief, if any, which the Administrator must afford these plaintiffs would wholly nullify the intent and purpose of § 1827. Certainly Congress could not have intended such a result. The court concludes, therefore, the "sue and be sued" provision of § 1820 does not entitle plaintiffs to seek in this court the discretionary administrative relief available under § 1827. Moreover, the Administrator, by simply guaranteeing the loan, did not also warrant the plaintiffs' house. United States v. Neustadt, 366 U.S. 696 n. 24, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1971); United States v. Cradit, 273 F.Supp. 480 (E.D.Mich.1967). The Administrator's motion to dismiss must be sustained.

Having reviewed the pleadings, the court is of the opinion and so concludes that no independent grounds for jurisdiction exists as to the remaining defendants, M & M Contracting and Mrs. Miriam Springfield. An appropriate order will be entered finally dismissing the above action in its entirety.