**Morris DREAKWARD**

v.

**CHESTNUT HILL HOSPITAL et al.**

**Civ. A. No. 76–2656.**

United States District Court,
E. D. Pennsylvania.

Feb. 7, 1977.

Elias Magil, Philadelphia, Pa., for plaintiff.

David W. Marston, U. S. Atty., Alexander Ewing, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendants.

A. LEON HIGGINBOTHAM, Jr., District Judge.

## MEMORANDUM OPINION AND ORDER

The plaintiff, Morris Dreakward, was admitted into Chestnut Hill Hospital in June, 1974 for treatment of injuries sustained in an automobile accident; the plaintiff remained in Chestnut Hill Hospital for 33 days. He was transferred to the Veterans Administration Hospital of Philadelphia on July 19, 1974, where he was an inpatient for seven months.

The plaintiff brought suit in the Court of Common Pleas of Philadelphia County against Chestnut Hill Hospital, Dr. Joseph Stayman, Jr., (a doctor on the hospital's staff) and the Veterans Administration Hospital, charging that the defendants negligently failed to provide the plaintiff with sufficient professional care. It is alleged that this negligence caused plaintiff to suffer ". . . gangrene, originally discovered in the left toes and thereafter in the right toes, with the result that defendant Veterans Administration Hospital . . . performed a bilateral above-knee amputation on August 1, 1974." [Plaintiff's Com-

plaint, p. 4, ¶ 16] The plaintiff further charges that he has been forced to use crutches since his release from the hospital because the Veterans Administration Hospital staff either improperly fitted the two protheses made available to the plaintiff or insufficiently instructed plaintiff in their use.

Defendant Veterans Administration Hospital filed a Petition for Removal of the action to the United States District Court for the Eastern District of Pennsylvania; said removal was effected on August 20, 1976. Although plaintiff's complaint named the Veterans Administration Hospital as a party defendant, the parties have stipulated that the United States of America, the proper defendant, be substituted.

Presently before this court is the motion of the United States to dismiss the plaintiff's complaint. The defendant's motion is granted as the plaintiff has failed to exhaust his administrative remedies as required by the Federal Torts Claims Act.

■ This court's jurisdiction to entertain plaintiff's cause of action is defined by the consent of the sovereign United States to be sued. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Plaintiff's ability to bring a suit in this case is controlled by the Federal Torts Claims Act, 28 U.S.C. § 2675, providing in pertinent part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied.

■ Therefore, although the Federal Torts Claims Act allows for suits against the government for torts committed by its employees while in the scope of their employment, the statute specifically requires as an initial prerequisite the filing of a proper administrative claim with the appropriate agency. *Bialowas v. United States*, 443 F.2d 1047 (3 Cir. 1971). Filing a proper administrative claim is an absolute and unwaiveable jurisdictional prerequisite to filing and maintaining an action under 28 U.S.C. § 2675(a). *Comm. of Pennsylvania, by Denenberg v. National Ass'n of Flood Insurers*, 378 F.Supp. 1339 (M.D.Pa.1974), affirmed in part, reversed in part on other grounds and remanded, 520 F.2d 11 (3 Cir. 1975); *Bialowas v. United States, supra; Turtzo v. United States*, 347 F.Supp. 336 (E.D.Pa.1972).

■ While admitting that no administrative claim was filed prior to the commencement of this action, plaintiff argues that his condition rendered filing an administrative claim impossible. [Plaintiff's Memorandum, p. 4]. This Court is aware of the severity of plaintiff's injuries. Yet exceptional circumstances do not excuse his failure to exhaust administrative remedies. *Bialowas v. United States*, 443 F.2d at 1050.

■ Plaintiff further contends that the decision of the district court in *Wexler v. Newman*, 311 F.Supp. 906 (E.D.Pa.1970) should control in the instant case, However, after consideration of the case law and the statute, I find the *Wexler* decision not to be controlling. The clear intent of 28 U.S.C. § 2675(a) is to preclude tort actions against the United States or its employees, irrespective of the amount claimed as damages, unless and until the injured party has filed a claim with the administrative agency.

As this court lacks jurisdiction over plaintiff's claim against the Veterans Administration, the United States motion to dismiss is granted, and the cause is returned to the Court of Common Pleas of Philadelphia County for determination of any rights plaintiff may have against co-defendants Chestnut Hill Hospital and Dr. Joseph Stayman.