**William L. STANLEY**

v.

**VETERANS ADMINISTRATION, Gary Kohler and Barbara Kohler.**

**Civ. A. No. 76–3646.**

United States District Court, E. D. Pennsylvania.

June 21, 1978.

---

William L. Stanley, pro se.

Joseph Gontram, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In this action the plaintiff, William L. Stanley, filed a *pro se* complaint with a District Justice in Levittown, Bucks County, Pennsylvania. In his complaint, filed against the Veterans Administration and Gary and Barbara Kohler, the plaintiff alleges "faulty workmanship done on roof of home at 23 Crimson King Lane." On behalf of the Veterans Administration, the United States Attorney filed a petition to remove the action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1442(a).[1] The petition for removal was accompanied by certification from the United States Attorney that the Veterans Administration is an agency of the United States and that the claim was based upon an act committed under color of federal office. *See Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969).

This matter was originally assigned to our recently departed colleague, Judge Gorbey. After a conference in chambers, this court ordered that a hearing be held for the purpose of ascertaining, on the record, the nature of the plaintiff's complaint. The plaintiff testified that in the fall of 1975 he purchased his current residence at 23 Crimson King Lane, Levittown from Gary and Barbara Kohler, the defendants. Plaintiff stated that because of his status as a veteran, he applied for a Veterans Administration mortgage guarantee, that the Veterans Administration had the home inspected and then approved the loan guaranty on the condition that the Kohlers provide a new

---

1. 28 U.S.C. § 1442 provides in pertinent part:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof . . . for any act under color of such office . . . .

roof for the house. The Kohlers complied with this condition and the matter then went to settlement. The plaintiff has been experiencing difficulties with a leaky roof since shortly after the settlement.

The Government has filed a motion for summary judgment urging two reasons in support thereof: (1) "Plaintiff's complaint fails to state a claim upon which relief can be granted" and (2) "There exists no genuine issue of material fact and Defendant is entitled to judgment as a matter of law." The Government's motion will be treated as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The motion to dismiss will be granted for the following reasons: (1) The Federal Tort Claims Act does not include actions based upon negligent misrepresentation or deceit, (2) In the event plaintiff's allegations against the Veterans Administration were determined to come within the purview of the Federal Tort Claims Act, the plaintiff has not exhausted his administrative remedies as required by the Act, and (3) 38 U.S.C. § 1827, if applicable, precludes judicial review.

*Pro se* complaints are held to less stringent requirements than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1971); *Fischer v. Cahill*, 474 F.2d 991, 993 (3d Cir. 1973); *United States ex rel. Tyrrell v. Speaker*, 471 F.2d 1197, 1201 (3d Cir. 1973); *Marshall v. Brierley*, 461 F.2d 929, 930 (3d Cir. 1972). A most sympathetic reading of the plaintiff's allegation is that the Veterans Administration was negligent in failing to discover faulty workmanship in the new roof, which it required as a condition for granting a Veterans Administration mortgage guarantee on the home purchased by the plaintiff. The plaintiff's allegations amount to a claim that his reliance upon the misrepresentation made by the Veterans Administration Inspector caused him damage.

2. 28 U.S.C. § 2680 provides in pertinent part:
   The provisions of this chapter and section 1346(b) of this title shall not apply to—

*United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), points out that recovery is prohibited under § 2680(h) of the Federal Tort Claims Act for any claim against the United States arising out of misrepresentation or deceit,[2] and holds that a plaintiff may not maintain an action based upon a negligent inspection since such an interpretation amounts to circumvention of § 2680(h). In *Neustadt*, the Supreme Court stated:

To say, as the Fourth Circuit did, that a claim arises out of "negligence," rather than "misrepresentation," when the loss suffered by the injured party is caused by the breach of a "specific duty" owed by the Government to him, i. e., the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs, is only to state the traditional and commonly understood legal definition of the tort of "negligent misrepresentation," . . .

*Id.* at 706, 81 S.Ct. at 1300.

A similar issue concerning the FHA was raised in the case of *Cason v. United States*, 381 F.Supp. 1362, 1367 (W.D.Mo.1974) wherein the court stated:

Plaintiffs now suggest that their claim for damages under subsection 1346(b) was not based on misrepresentation but simply on the negligence of the FHA in applying and enforcing the appropriate statutes and regulations pertaining to inspections and appraisals. Even on a simple negligence theory plaintiffs have failed to state a claim for which damages could be granted. In order to recover on such a theory, plaintiffs would have to demonstrate that a duty of due care was owed plaintiffs by the FHA in the application and enforcement of the statutes and regulations in question. It is now settled, however, that the primary and predominant objective of the FHA appraisal system is the protection of the Government and its insurance funds;

(h) Any claim arising out of . . . misrepresentation, deceit . . . .

that the mortgage insurance programs do not insure anything other than the repayment of loans made by lender-mortgagees; "and that 'there is no legal relationship between the FHA and the individual mortgagor.'" *United States v. Neustadt*, supra, 366 U.S. at 709, 81 S.Ct. at 1301. Although *Neustadt* was based on a different theory of liability, the Court believes that the Supreme Court completely rejected the notion that Congress intended to establish a duty of due care for the benefit of mortgagors such as plaintiffs. See *Jackson v. Romney*, 355 F.Supp. 737, 741–743 (D.D.C.1973); cf. *Davis v. Romney*, 490 F.2d 1360, 1371–1372 (3d Cir. 1974). In the absence of such a duty, plaintiffs cannot recover damages under a negligence theory.

In the event this court had been persuaded that the plaintiff's allegation stated a claim within the purview of the Federal Tort Claims Act, it would be necessary nonetheless to dismiss the complaint as to the Veterans Administration since jurisdiction under the Federal Tort Claims Act requires that the plaintiff exhaust his administrative remedies. This is a jurisdictional requirement which cannot be waived. In *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971), the Third Circuit held that although the Federal Tort Claims Act allows suits against the federal government for torts committed by its employees while performing their duties of employment, the Act requires a claim to the proper agency and a final rejection of the claim by that agency as a prerequisite to filing suit. The filing of the claim is deemed an absolute jurisdictional requirement for bringing suit and cannot be waived under 28 U.S.C. § 2675(a). *Bialowas*, 443 F.2d at 1049; *Ensley v. HUD*, No. 77–859 (E.D.Pa., filed April 12, 1977); *Dreakward v. Chestnut Hill Hospital*, 427 F.Supp. 177, 179 (E.D.Pa.1977); *Commonwealth of Pennsylvania, by Denenberg, v. National Association of Flood Insurers*, 378 F.Supp. 1339, 1350 (M.D.Pa. 1974), *affirmed in part, reversed in part on other grounds and remanded*, 520 F.2d 11, 24 (3d Cir. 1975); *Turtzo v. United States*, 347 F.Supp. 336, 338 (E.D.Pa.1972); *Staley v. United States*, 306 F.Supp. 521, 523 (M.D. Pa.1969).

We also considered whether the plaintiff had stated a claim under 38 U.S.C. § 1827 which provides:

(a) The Administrator is authorized with respect to any property improved by a one-to-four-family dwelling inspected during construction by the Veterans' Administration or the Federal Housing Administration which the Administrator finds to have structural defects seriously affecting the livability of the property, to make expenditures for (1) correcting such defects, (2) paying the claims of the owner of the property arising from such defects, or (3) acquiring title to the property; except that such authority of the Administrator shall exist only (A) if the owner requests assistance under this section not later than four years (or such shorter time as the Administrator may prescribe) after the mortgage loan was made, *guaranteed*, or insured, and (B) if the property is encumbered by a mortgage which is made, *guaranteed*, or insured under this chapter after the date of enactment of this section.

(b) The Administrator shall by regulation prescribe the terms and conditions under which expenditures and payments may be made under the provisions of this section, and *the Administrator's decisions regarding such expenditures or payments, and the terms and conditions under which the same are approved or disapproved, shall be final and conclusive, and shall not be subject to judicial review.* (Emphasis added.)

The above quoted section covers new construction only. However, even if the section could be considered applicable to other than new construction, the language quoted in § 1827(b) above precludes judicial review. *Potnick v. United States*, 356 F.Supp. 395 (N.D.Miss.1973).

Since plaintiff has not stated a claim against the United States upon which relief can be granted, there being no basis for federal jurisdiction in this matter, the

Court shall enter an Order returning the plaintiff's claim against the Kohlers to the State court. *Ensley v. HUD*, C.A. 77–859 (E.D.Pa., April 12, 1977); *Dreakward v. Chestnut Hill Hospital*, 427 F.Supp. at 179; *Smith v. Rivest*, 396 F.Supp. 379, 383 (E.D. Wis.1975); *Smith v. Randall*, 393 F.Supp. 1320, 1321 (D.Md.1974); *Whealton v. United States*, 271 F.Supp. 770, 773–774 (E.D.Va. 1967).