Mr. and Mrs. Romain J. DEFFES, Jr.

v.

TEDESCO HOMES, INC., et al.

Civ. A. No. 77–1777.

United States District Court,
E. D. Louisiana.

June 25, 1980.

John F. Robbert, Garon, Brener & McNeely, New Orleans, La., for plaintiffs.

Henry W. Kinney, III, New Orleans, La., for defendants.

## MEMORANDUM OPINION AND ORDER

EDWARD J. BOYLE, Sr., District Judge:

This matter came before the Court upon the motions of defendants Tedesco Homes, Inc. (Tedesco), Susan T. Russo, and C. J. Tedesco to dismiss plaintiffs' complaint for lack of personal jurisdiction of the defendants, lack of jurisdiction over the subject matter, and/or failure to state a claim upon which relief can be granted, and alternatively, for summary judgment.[1] The motions were taken under submission upon memoranda. We conclude that this Court has personal jurisdiction of the defendants, but lacks jurisdiction over the subject matter of the complaint for the reasons stated hereafter.

When this action was filed, plaintiffs were Louisiana citizens. Defendant Tedesco is a Louisiana corporation and defendants Susan T. Russo and C. J. Tedesco are Louisiana citizens.

---

1. Defendants Charles Williams and Standard Mortgage Corp. were previously dismissed.

Record Documents Nos. 9 and 29.

Plaintiffs allege that during the first half of 1976, they entered into an agreement whereby defendant Tedesco agreed to construct and sell, and plaintiffs agreed to purchase, a single family dwelling located at 3100 Bartolo Drive, Meraux, Louisiana. The loan for the purchase of plaintiffs' house was guaranteed by the Veterans Administration (hereinafter VA). Pursuant to the requirement of 38 U.S.C. § 1805, Tedesco executed on June 4, 1976, a document entitled "Warranty of Completion of Construction in Substantial Compliance with Approved Plans and Specifications." On May 17, 1977, plaintiffs complained in writing to Tedesco and VA of various defects which allegedly resulted from failure to construct the residence in conformity with the plans and specifications. When Tedesco failed to remedy the defects, plaintiffs filed this action asserting the following claims:

1. Defendants Susan Russo and C. J. Tedesco knowingly participated in a sale of property for consideration in excess of the reasonable value of the property, in violation of 38 U.S.C. § 1822;

2. Defendant Tedesco breached the warranty provided pursuant to 38 U.S.C. § 1805; and

3. Plaintiffs seek a recission of the sale or a reduction in the purchase price because of redhibitory defects, pursuant to LSA–C.C. art. 2520.[2]

■ Plaintiffs' first claim against defendants Susan Russo and C. J. Tedesco, predicated upon 38 U.S.C. § 1822, must be dismissed for failure to state a claim upon which relief can be granted. 38 U.S.C. § 1822 was repealed December 31, 1974. Pub.L. 93–569, § 7(a), 88 Stat. 1866 (1974). The transaction that is the subject of this litigation did not occur until 1976.

Plaintiffs' second claim is for alleged breach of warranty provided pursuant to 38

U.S.C. § 1805 for failure to construct the residence in substantial compliance with plans and specifications approved by the Administrator of Veterans' Affairs. Although a warranty claim traditionally has been a matter of state law, plaintiffs contend that 38 U.S.C. 1805 creates an implied private federal right of action in favor of a purchaser against a warrantor under the test enunciated by the Supreme Court in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). In that case, the Court set forth the following factors to be considered in determining whether a private remedy is implicit in a statute not expressly providing for one:

1. Is plaintiff one of the class for whose especial benefit the statute was enacted?

2. Is there any indication of legislative intent to create or deny a remedy?

3. Is it consistent with the underlying purposes of legislative scheme to imply a remedy?

4. Is the cause of action one traditionally relegated to state law so that it would be inappropriate to infer a cause of action based solely on federal law?

Purchasers of homes financed through VA-guaranteed loans, such as plaintiffs, are clearly within the class for whose especial benefit the Veterans Benefit Act was enacted.

However, we find evidence in the legislative history and in the statute itself that Congress did not intend to create the remedy plaintiffs seek to enforce in this action. 38 U.S.C. § 1805, which requires the execution of a builder/seller warranty, is based upon a prior provision in the Housing Act of 1954.[3] The legislative history indicates that the provision was added because investigation revealed that many homes were

---

2. Article 2520 provides, "Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."

3. Title 12, U.S.C., 1952 ed., Supp. II, § 1701j–1 (Act Aug. 2, 1954, c. 649, Title VIII, § 801, 68 Stat. 642).

not built in conformity with plans and specifications filed with the FHA and VA, and in many cases, the building contracts were so worded as to deny the purchaser any legal right to require compliance with the plans and specifications. U.S.Code Cong. & Admin.News, 83rd Cong., 2d Sess., p. 2770 (1954). According to the conference committee report on the section of the bill on which 38 U.S.C. § 1805 was based,

"The provisions of the conference substitute which would direct the Federal Housing Commissioner and the Administrator of Veterans' Affairs to require that the builder or seller of a new home built with the assistance of an FHA-insured or VA-guaranteed mortgage deliver to the purchaser or owner a warranty that the dwelling is constructed in substantial conformity with the plans and specifications (including any amendments thereof which have been approved in writing) on which the FHA or VA valuation of such dwelling was based, are not self-executing provisions which in themselves establish or affect the legal rights of the parties. *Such rights are established and governed by the laws of the particular State.* The Federal Housing Commissioner and Administrator of Veterans' Affairs must require the builder or seller to enter into such agreement or take such other action *as necessary under applicable State law* to make the builder or seller obligated to the purchaser or owner in accordance with the provisions of the act." [Emphasis supplied.]

U.S.Code Cong. & Admin.News, 83rd Cong., 2d Sess., p. 2847 (1954).

We view the above-quoted language as evidence of Congressional intent to deny a federal right of action under the warranty. Congress intended to ensure that the purchaser or owner would have an action under applicable state law for breach of contract in the event his home was not constructed in compliance with the VA-approved plans and specifications.

■ We believe our conclusion is further supported by the fact that Congress provided an alternative administrative remedy for persons such as plaintiffs. Pursuant to 38 U.S.C. § 1827, the Administrator of Veterans' Affairs who, upon receiving a complaint by the purchaser, finds structural defects seriously affecting the livability of the property, is authorized to expend funds to correct the defects, to pay the claims of the owner of the property arising from the defects, or to acquire title to the property. The legislative history indicates that although in the majority of cases in which complaints are filed the builder can be persuaded to correct deficiencies, where the builder is out of business, insolvent or uncooperative, the authority vested in the Administrator by section 1827 is necessary to provide some relief to the homeowner and also prevent a possible default on the VA-guaranteed loan. U.S.Code Cong. & Admin.News, 90th Cong., 2d Sess., pp. 1930–31 (1968). Section 1827 provides an administrative remedy for a dissatisfied purchaser. That remedy is conclusive and is not subject to judicial review. *Stanley v. Veterans Administration*, 454 F.Supp. 9 (E.D.Pa.1978); *Potnick v. United States*, 356 F.Supp. 395 (N.D.Miss.1973). *But see Graham v. Caston*, 568 F.2d 1092 (5 Cir. 1978).

■ Despite the fact that 38 U.S.C. § 1805 and the analogous provision of the National Housing Act, 12 U.S.C. § 1701j–1, have been in effect since 1954, the parties have cited no cases and we have located no cases which hold that these sections provide an implied federal right of action. We conclude that no such right exists and plaintiffs are relegated to their administrative remedies under 38 U.S.C. § 1827 or to an action in redhibition under Louisiana law. *See, e. g., Schamens v. Crow*, 326 So.2d 621 (La.App. 2 Cir. 1976). Accordingly, defendants' motion to dismiss for lack of jurisdiction over the subject matter of the claim under 38 U.S.C. § 1805 must be granted.

Defendant Tedesco maintains that plaintiffs' warranty claim must be dismissed for failure to state a claim because the defects alleged by plaintiffs do not amount to substantial non-conformity with approved plans and specifications. Since we have found we lack subject matter jurisdiction

over the warranty claim, defendant Tedesco's motion to dismiss for failure to state a claim upon which relief can be granted is moot.

█ Plaintiffs' final claim is a redhibition claim under Louisiana law. In the absence of a federal cause of action in connection with which this claim can be asserted under pendent jurisdiction, we decline to entertain the State law claim.

For the foregoing reasons,

IT IS ORDERED that the defendants' motion to dismiss for lack of personal jurisdiction should be, and it is hereby, DENIED; defendants' motion to dismiss for lack of subject matter jurisdiction should be, and it is hereby, GRANTED; and defendants' motion to dismiss for failure to state a claim upon which relief can be granted, and alternatively, for summary judgment should be, and they are hereby, DENIED for mootness.

The Clerk will enter judgment dismissing the claims of plaintiffs against defendants at plaintiffs' costs.