Lornell **WISEMAN, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 91–35479.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 20, 1992.

Decided Oct. 9, 1992.

R.R. Bob Greive, Greive & Serrin, Seattle, Wash., for plaintiff-appellant.

Stuart M. Gerson, Asst. Atty. Gen., Robert S. Greenspan, Lowell V. Sturgill, Jr., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before: WRIGHT, BEEZER and LEAVY, Circuit Judges.

PER CURIAM:

Lornell Wiseman presents the single question whether the district court had jurisdiction to hear this Federal Tort Claims Act (FTCA) personal injury action. The district court dismissed with prejudice Wiseman's claim because the United States Postal Service (the Postal Service), by virtue of issuing a check in the full amount Wiseman entered on a Standard Form 95 ("Claim for Damage, Injury, or Death") (SF 95), never finally denied her claim. *See* 28 U.S.C. § 2675(a). We reverse.

I

On November 2, 1988, Wiseman suffered injuries in an accident with a Postal Service vehicle. On December 30, 1989, Wiseman filed an amended SF 95, on which she listed property damage of $3,900 and personal injury of $5,918.23, a total of $9,818.23. Immediately below the lines on which she listed her damages, the SF 95 contains a preprinted statement in bold capital letters:

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM**

Wiseman signed and dated the SF 95 in the space provided immediately below this statement. Wiseman's amended SF 95 fails to state that the claim is partial or that additional personal injury damage amounts will be forthcoming.

On March 7, 1990, the Postal Service issued a $9,818.23 check to Wiseman in full settlement of her claim. Wiseman's attorney received the check on March 12, 1990. On March 13, 1990, Wiseman's attorney informed the Postal Service that his client could not accept the $9,818.23 check in full settlement. The check was returned to the Postal Service.

On April 26, 1990, the Postal Service issued a "final denial ... pursuant to 28 U.S.C. § 2675(a)." In its final denial, the Postal Service determined that Wiseman could not recover damages beyond the amount presented by her and paid by the Postal Service and that payment in full of the amount on the SF 95 precluded amendment of her claim.

On May 10, 1990, Wiseman sought reconsideration and, on June 11, 1990, filed an amended SF 95 seeking $253,900. On July 9, 1990, the Postal Service acknowledged Wiseman's timely request for reconsideration, but stood firm on the determinations in its April 26 letter. Wiseman filed suit in the district court on August 27, 1990. The district court dismissed Wiseman's action for lack of subject matter jurisdiction on March 12, 1991.

II

Presenting an FTCA claim to the appropriate governmental agency and having it denied[1] is a jurisdictional prerequisite to filing a claim in the district court. We

---

**1.** Denial can be either explicit or by virtue of agency neglect. § 2675(a).

review *de novo* a dismissal for lack of subject matter jurisdiction. *Meridian Int'l Logistics v. United States*, 939 F.2d 740, 742–43 (9th Cir.1991) (basing jurisdiction on 28 U.S.C. §§ 1346(b), 2675(a)).

The parties agree that a skeletal SF 95 meets the jurisdictional requirements of § 2675(a). The parties also agree that granting an FTCA claim in full does not constitute denial of a claim, which is one of two alternative requirements for jurisdiction in the district court. The parties dispute that check issuance by the Postal Service constitutes a final favorable disposition of Wiseman's claim.

In *Ferreira v. United States*, 389 F.2d 191 (9th Cir.1968), we considered a personal injury claim prior to the 1966 amendment of the FTCA. Ferreira fell off of a tractor due to the alleged negligence of the Department of the Interior. His administrative claim of $93.50 was allowed in full. He refused payment of the $93.50 and sued for $75,000. Noting the amended statute, we first held that a claimant must obtain an unfavorable administrative determination before suing in district court. *Id.* at 194 & n. 2. We did not decide, however, whether issuing a check for the full amount entered on an SF 95 constitutes a final favorable agency disposition of a claim. Instead we relied on old § 2675(b), which allowed a claimant to withdraw his administrative claim and sue in district court, to hold that

> [i]n the absence of such withdrawal ... a claimant is bound to accept an award of the full amount of his claim in full satisfaction and final settlement of that claim.

*Id.* at 194. Thus, *Ferreira* does not control this case because its holding was based on harmonizing statutory provisions no longer in force.

The District of Columbia Circuit addressed the precise question presented in this case under the amended FTCA statute. Judith Odin filed a swine flu inoculation personal injury action in the Central District of California that was then transferred to the District of Columbia. *Odin v. United States*, 656 F.2d 798 (D.C.Cir.1981). Relying on the SF 95 Odin had filed, the Department of Health, Education and Welfare (HEW) "accepted" her settlement offer of $791 for her injuries. Odin rejected HEW's check and filed an amended claim for $1,000,000. The government then informed Odin that it would disregard her amended claim and that it considered its acceptance of her settlement offer as final agency action on her claim. *Id.* at 800.

The *Odin* court began its analysis by observing that either final denial of a claim or failure to make a final disposition must occur before a claimant may sue in district court. It acknowledged that granting the claim in full was not a denial and was a final disposition. *Id.* at 802–03 & n. 22 (noting *Ferreira*). The District of Columbia Circuit held, however, that the government construed the term "final agency action" in the pertinent regulation in a manner that contradicted 28 U.S.C. § 2672. Because § 2672 requires "acceptance by the claimant," filing an administrative claim is not a settlement offer by the claimant, but an invitation to negotiate. The District of Columbia Circuit buttressed its reading of the statute's text by reference to the legislative history of the 1966 amendments. *Id.* at 804–06 (examining S.Rep. No. 1327, 89th Cong., 2d Sess. (1966), *reprinted in* 1966 U.S.C.C.A.N. 2515). It further concluded that the government's "disregard" of Odin's amended claim amounted to a denial of her claim. Thus, the district court had jurisdiction under § 2675(a). *Id.* at 806.

We reject the Postal Service's attempt to rely on *Ferreira* and we approve the District of Columbia Circuit's reasoning in *Odin*. Perhaps understanding § 2672's key role in the *Odin* opinion, the Postal Service advances § 2672 as an alternative ground upon which we can affirm the district court's judgment. Quite to the contrary, however, § 2672 requires that we reverse the district court's judgment.

Primarily § 2672 specifies which government agents may consider and conclude claims, depending on the amount involved. The key settlement language provides:

> The acceptance by the claimant of any such award, compromise, or settlement

shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter.

§ 2672 (last paragraph). The Postal Service argues that Wiseman agreed to accept settlement when she submitted her claim. Wiseman advances the *Odin* argument that "acceptance ... of any ... settlement" means that the Postal Service must propose a settlement to Wiseman and then obtain her assent.

In *Warren v. United States Department of Interior Bureau of Land Management,* 724 F.2d 776, 778 (9th Cir.1984) (en banc), we held that §§ 2672, 2675 proscribe agencies from promulgating jurisdictional regulations. This proscription focuses our inquiry on whether the Postal Service's regulation defining its final disposition of a claim conflicts with § 2672's settlement provisions. As *Odin* explains, an FTCA claimant has two routes to the district court, denial of her claim or the agency's failure to make a final disposition. § 2675(a). If the Postal Service can permissibly define issuing a check for the full amount claimed on the SF 95 as its final disposition, it forecloses both routes to the district court.

The Postal Service regulations allow amendment of a claim until the Postal Service issues a check in full payment of the claim or denies the claim. 39 C.F.R. § 912.-5(b). The Postal Service asserts that amendment is a privilege afforded claimants that the FTCA does not require. Indeed, we have held that an FTCA claim need only afford notice and specify a sum certain. *Warren,* 724 F.2d at 779. And the FTCA contains no provision mandating that amendment be allowed at the administrative level.

We cannot agree, however, that the Postal Service allows amendment only because of its benevolence. First, just as the FTCA does not authorize administrative amendment, neither does it proscribe it. Second, upon producing newly discovered evidence, a claimant who has sued in the district court may seek damages in excess of the amount of the claim presented to the agency. § 2675(b). Surely claimants should have at least this right of amendment before the agency. Third, § 2672 clearly states that the claimant's "acceptance ... of any such award, compromise, or settlement shall be final and conclusive on the claimant." Despite the Postal Service's attempt to convert the SF 95 into a unilateral offer by the claimant to settle, the clear language of the statute requires an offer by the agency. A comparison of 39 C.F.R. § 912.14 and 28 U.S.C. § 2672 underscores how the Postal Service seeks to limit options that the FTCA guarantees a claimant.[2]

The Postal Service has limited claimants' ability to amend their claims to avoid its statutory duty to offer settlements to claimants. *Contra* § 2672. By using a regulation to limit amendment and to avoid its statutory duty to offer settlement, the Postal Service defines final agency disposition in a manner inconsistent with the FTCA. This definition limits jurisdiction by regulation, which we found improper in *Warren,* 724 F.2d at 778. Having refused to allow Wiseman to amend, the Postal Service rejected her claim. The district court has jurisdiction. *Odin,* 656 F.2d at 806.

### III

We REVERSE the district court and REMAND for trial.

---

2. The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant....

   28 U.S.C. § 2672.

   *Payment by the Postal Service of the full amount claimed* or acceptance by the claimant,

his agent, or legal representative, of any award, compromise, or settlement made pursuant to the terms of the F[TCA], shall be final and conclusive on the claimant....

   39 C.F.R. § 912.14 (emphasis added to show additional limitation imposed by regulation).