**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH FERRARI, | No. 20-36071 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05996-RJB-TLF |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| ERIN FORD, | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted November 9, 2021[**]
Seattle, Washington

Before: WARDLAW, TALLMAN, and BUMATAY, Circuit Judges.

Joseph Ferrari appeals the district court's orders denying Ferrari's motion for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of certification and substitution of the United States as defendant under the Westfall Act and granting the United States' motion to dismiss Ferrari's complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The district court properly substituted the United States as the defendant in this case under the Westfall Act, 28 U.S.C. § 2679(d)(1). The district court made specific findings to determine that Naval Lt. Ford was acting within the scope of her employment in reporting Ferrari's alleged misconduct, and those findings of disputed fact were not clearly erroneous. *See Billings v. United States,* 57 F.3d 797, 800 (9th Cir. 1995) (reviewing the "relevant district court's findings of disputed fact for clear error").

2.    The district court properly dismissed this case under the *Feres* doctrine. *See Feres v. United States*, 340 U.S. 135 (1950). Under the *Feres* doctrine, "members of the armed services [cannot] sue the government for injuries that arise out of or are in the course of activity incident to service." *Stauber v. Cline*, 837 F.2d 395, 397 (9th Cir. 1988) (quotation and citation omitted). The district court concluded that Ferrari's claims were incident to his service as an active-duty military member and dismissed the case for lack of subject matter jurisdiction under *Feres*. *See Stauber*, 837 F.2d at 400.

Ferrari did not appeal the district court's dismissal for lack of subject matter jurisdiction under *Feres* in his opening brief. "[A]rguments not raised by a party in

2

its opening brief are deemed waived." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *see also Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 n.7 (9th Cir. 1999).

3.      The Federal Tort Claims Act (FTCA) also bars the relief that Ferrari seeks.  Ferrari seeks damages arising from the slander and libel that Ford allegedly committed in reporting Ferrari's alleged misconduct to naval officers.  But the FTCA explicitly provides that the statutory waiver of federal sovereign immunity "shall not apply to . . . [a]ny claim arising out of . . . libel [or] slander."  28 U.S.C. § 2680(h).

4.      Ferrari's failure to administratively exhaust his claims operates as another bar to judicial review of his claims.  Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency." *Id.* § 2675(a).  Ferrari does not dispute that he failed to make his defamation claim to the Navy, as was required before he could bring suit against the United States in district court. *See* 28 C.F.R. § 14.2(a); *Wiseman v. United States*, 976 F.2d 604, 605 (9th Cir. 1992).

**AFFIRMED.**